UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDAN MORTGAGE INC., d/b/a Brendan Financial, Inc.,<br><br>    Defendant/Appellant,<br><br>v.<br><br>TIMOTHY A. LANUM and GEORGIA M. THOMPSON-LANUM,<br><br>    Plaintiffs/Appellees. | Nos. 13 C 5589, 13 C 5642<br><br>Judge Sara L. Ellis |

## OPINION AND ORDER

This appeal arises from an adversary proceeding in which plaintiffs/appellees Timothy A. Lanum and Georgia M. Thompson-Lanum, the debtors, sought to avoid a lien held by defendant/appellant Brendan Mortgage Inc. ("Brendan Mortgage") that was secured by the Lanums' residence. The bankruptcy court entered judgment for the Lanums, finding that Brendan Mortgage's lien was wholly unsecured and thus could be avoided. The bankruptcy court then confirmed the Lanums' Chapter 13 plan. Brendan Mortgage appeals the judgment in the adversary proceeding as well as the confirmation of the plan.[1] The Lanums have also filed a motion for damages and costs pursuant to Federal Rule of Bankruptcy Procedure 8020, arguing that a portion of Brendan Mortgage's appeal is frivolous. For the following reasons, the bankruptcy court's judgment in the adversary proceeding and its confirmation of the Chapter 13 plan are affirmed. The Lanums' motion for damages [19] is granted.

---

[1] The bankruptcy court's subject matter jurisdiction is received from the district court, whose jurisdiction is conferred by 28 U.S.C. § 1334(a). This Court's jurisdiction is conferred by 28 U.S.C. § 158(a)(1), which governs appeals from "final judgments, orders, and decrees" of the bankruptcy court.

**BACKGROUND**

The Lanums filed a voluntary Chapter 13 bankruptcy petition on April 25, 2012. At the time, the Lanums' home was encumbered by a first mortgage held by Wells Fargo Mortgage in the amount of $219,678.74 and a second mortgage held by Brendan Mortgage in the amount of $100,920.47. The Lanums thereafter filed a Chapter 13 plan, which treated Brendan Mortgage's claim as unsecured. Brendan Mortgage objected to the plan, arguing that it had a secured interest in the Lanums' home. To address this objection, the Lanums filed an adversary complaint seeking to strip Brendan Mortgage's lien pursuant to §§ 506(a) and 506(d) of the Bankruptcy Code, arguing that Brendan Mortgage's lien had no value. Brendan Mortgage answered the complaint, agreeing that the amount owed on the first mortgage was $219,678.84 but disputing the value of the Lanums' home.

On June 19, 2013, a trial was held to determine the only disputed fact between the parties: the value of the Lanums' home. A pretrial statement set forth the parties' exhibits, including appraisals submitted by both sides. At trial, the parties presented the testimony of their respective appraisers, with Timothy Lanum also testifying. After hearing the testimony and considering the submitted evidence, the bankruptcy court found that the Lanums met their initial burden of showing that their property provided no value for Brendan Mortgage's lien. The bankruptcy court further found that Brendan Mortgage had submitted a credible appraisal. Nonetheless, it questioned both appraisals and instead performed its own analysis to arrive at $210,000 as the value of the Lanums' property.[2] Because this was less than the agreed value of the first lien, the bankruptcy court found that Brendan Mortgage's lien was to be extinguished. The bankruptcy court then entered an order of judgment on June 24, 2013, which provided that

---

[2] The bankruptcy court noted that its independent valuation of the home happened to be the midpoint of the two proffered valuations.

Brendan Mortgage's lien was wholly unsecured and would be extinguished upon the Lanums' successful completion of their Chapter 13 plan and discharge of the Chapter 13 case. After that order was entered, the bankruptcy court confirmed the Lanums' Chapter 13 plan.

**STANDARD OF REVIEW**

On appeal, this Court reviews the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011). Mixed questions of law and fact are also reviewed *de novo*. *Id.* Valuation is a mixed question of law and fact, with the bankruptcy court's factual premises subject to review for clear error and its legal conclusions subject to *de novo* review. *In re Stembridge*, 394 F.3d 383, 385 (5th Cir. 2004). "If the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, [the court] will not reverse its factual findings even if [it] would have weighed the evidence differently." *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008) (internal quotation marks omitted) (quoting *In re Lifschultz Fast Freight*, 132 F.3d 339, 343 (7th Cir. 1997)).

**ANALYSIS**

**I.      Permissibility of Stripping Claim Secured by Debtors' Principal Residence**

In filing their adversary complaint, the Lanums sought an adjudication that §§ 506(a) and 506(d) of the Bankruptcy Code rendered Brendan Mortgage's lien void. Section 506(a) provides that a creditor's claim is secured up to the value of that creditor's interest in the collateral and unsecured for any remaining portion. 11 U.S.C. § 506(a)(1); *In re Ryan*, 725 F.3d 623, 624 (7th Cir. 2013). As applied here, Brendan Mortgage's claim is considered secured only to the extent that the Lanums' property value exceeds the amount of the first lien. Section 506(d) provides that to the extent a lien secures a claim that is not an allowed secured claim, that lien is void

unless certain exceptions apply. But the Seventh Circuit recently held that § 506(d) cannot be used for lien stripping in chapter 13 cases. *In re Ryan*, 725 F.3d at 628. The parties agree, however, that § 1322(b)(2) provided another potential route to strip Brendan Mortgage's lien. Section 1322(b)(2) provides that, with exceptions not relevant here, a Chapter 13 bankruptcy plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." 11 U.S.C. § 1322(b)(2); *see also In re Ryan*, 725 F.3d at 626 (acknowledging that "many courts and commentators have noted that Chapter 13 provides alternative means of voiding liens").

On appeal, Brendan Mortgage argues that § 1322(b)(2) does not allow a lien secured by a security interest in the debtor's principal residence, as here, to be stripped regardless of whether the claim is considered secured or unsecured. Brendan Mortgage has waived this argument, however, as it never raised an objection in the bankruptcy court on this basis or with respect to the ability to accomplish the same under § 506(d). *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 720 (7th Cir. 2008) ("Unfortunately for [appellant], it did not raise this argument before the district court and, as we have long held, '[i]t is axiomatic that an issue not first presented to the district court may not be raised before the appellate court as a ground for reversal.' " (citation omitted)). Brendan Mortgage had every opportunity to raise this defense before the bankruptcy court, but it did not. Instead, the only argument Brendan Mortgage raised in its answer to the adversary complaint was that its claim could not be avoided "because the value of the real estate exceeds the value of the lien(s) superior to Brendan's mortgage." Answer ¶ 11. The parties and the bankruptcy court thereafter proceeded with the understanding that, if the value of the property was less than the amount of the first lien, Brendan Mortgage's property

4

could be avoided. Even when presented with the opportunity to raise a legal dispute at trial, Brendan Mortgage did not, agreeing that determining the value of the property would effectively resolve the case. *See* Trial Tr. 3:11–18. Because arguments not made in the bankruptcy court are waived, this Court need not address the merits of Brendan Mortgage's argument that § 1322(b)(2) does not allow its lien to be stripped. *See Matter of Weber*, 25 F.3d 413, 415–16 (7th Cir. 1994) (party waives an argument that it did not raise with the bankruptcy court "since to find otherwise would permit a litigant simply to bypass the bankruptcy court").

Even if Brendan Mortgage had not waived this argument, the Court nonetheless finds it unpersuasive. The clear weight of appellate authority supports holding that a wholly unsecured lien on the debtor's principal residence, as determined by reference to § 506(a), may be stripped pursuant to § 1322(b)(2). *See In re Mann*, 249 B.R. 831, 839–40 (B.A.P. 1st Cir. 2000); *In re Pond*, 252 F.3d 122, 126 (2nd Cir. 2001); *In re McDonald*, 205 F.3d 606, 611 (3d Cir. 2000); *In re Davis*, 716 F.3d 331, 335–36 (4th Cir. 2013); *In re Bartee*, 212 F.3d 277, 295 (5th Cir. 2000); *In re Lane*, 280 F.3d 663, 665 (6th Cir. 2002); *In re Fisette*, 455 B.R. 177, 182 (B.A.P. 8th Cir. 2011);[3] *In re Zimmer*, 313 F.3d 1220, 1226–27 (9th Cir. 2002); *In re Griffey*, 335 B.R. 166, 169–70 (B.A.P. 10th Cir. 2005);[4] *In re Tanner*, 217 F.3d 1357, 1359–60 (11th Cir. 2000).[5] Although the Seventh Circuit has not yet decided the question,[6] the weight of authority among the district

---

[3] The Bankruptcy Appellate Panel's order was appealed to the Eighth Circuit, but the Eighth Circuit dismissed the appeal for lack of a final appealable order. *In re Fisette*, 695 F.3d 803 (8th Cir. 2012).
[4] In *In re Woolsey*, the Tenth Circuit declined to address the issue of whether § 1322(b)(2) allowed a Chapter 13 debtor to strip a wholly unsecured lien, as the issue was not properly presented to it and the debtors had repudiated the argument on appeal. 696 F.3d 1266, 1278– 79 (10th Cir. 2012).
[5] Although the Eleventh Circuit subsequently questioned its holding in *Tanner*, it remains the law in that circuit. *See In re Dickerson*, 222 F.3d 924, 926 (11th Cir. 2000).
[6] Brendan Mortgage notes that the Seventh Circuit's recent opinion in *Palomar v. First American Bank,* 722 F.3d 992 (7th Cir. 2013), suggests that the Seventh Circuit could rule either way. *Palomar* addressed the ability to strip a second mortgage under Chapter 7, noting only that if the debtors wanted to strip the wholly unsecured second mortgage on their home they would have had to file for bankruptcy under Chapter 13 instead of Chapter 7. *Id.* at 995.

and bankruptcy courts in this circuit favors the majority view. [7] *See, e.g.*, *In re Holloway*, No. 01 C 4052, 2001 WL 1249053, at *2–5 (N.D. Ill. Oct. 16, 2011); *First Bank, Inc. v. Van Wie*, No. NA 02-0120-C H/H, 2003 WL 1563959, at *3–4 (S.D. Ind. Jan. 8, 2003); *In re Melgoza*, No. 10 B 53264, No. 11 A 00328, 2011 WL 3878361, at *2–4 (Bankr. N.D. Ill. Aug. 30, 2011); *In re Ginther*, 427 B.R. 450, 454–55 (Bankr. N.D. Ill. 2010); *In re Waters*, 276 B.R. 879, 881–88 (Bankr. N.D. Ill. 2002). The Court finds these opinions persuasive and adopts the reasoning set forth therein. As the bankruptcy court found that Brendan Mortgage's lien was wholly unsecured, the bankruptcy court did not err as a matter of law in allowing the lien to be stripped.

## II.     Method and Valuation of the Lanums' Property

Brendan Mortgage also argues that the bankruptcy court erred in the method it used to value the Lanums' property and its ultimate valuation. Valuation of assets is not "an exact science" but rather "necessarily an approximation" reached by considering the purpose of the valuation and all the factual elements of the case at hand. *In re Hernandez*, 493 B.R. at 50 (citations omitted) (internal quotation marks omitted). In reaching a value for the Lanums' property, the bankruptcy court first determined whether the Lanums met their burden to demonstrate that "there is not even one dollar of value" in the property at issue to support Brendan Mortgage's lien. Trial Tr. 85:22–86:4 (citing *Lepage v. Bank of Am.*, No. 8-10-74093-reg, Adv. No. 8-10-08287-reg., 2011 WL 1884034 (Bankr. E.D.N.Y. May 18, 2011)).; *see also In re Hernandez*, 493 B.R. at 50. After concluding that the debtors met that burden, the bankruptcy court considered whether Brendan Mortgage submitted sufficient evidence to

---

[7] Brendan Mortgage cites to *Barnes v. American General Financial*, 207 B.R. 588 (Bankr. N.D. Ill. 1997), as an example of a well-reasoned opinion setting forth the minority view that no liens secured by the debtor's principal residence may be stripped. Since issuing that opinion, however, Judge Schmetterer has reversed course and adopted the majority view. *See, e.g.*, *In re Arfani*, No. 13 B 30767, Adv 13 AP 01217, 2013 WL 6054818, at *2 (Bankr. N.D. Ill. Nov. 14, 2013); *In re Hernandez*, 493 B.R. 46, 50 (Bankr. N.D. Ill. 2013); *In re Zurita*, No. 09 B 34816, 10 A 00093, 2010 WL 1780031, at *1–2 (Bankr. N.D. Ill. Apr. 30, 2010).

overcome the Lanums' valuation. Trial Tr. 86:5–10 (citing *In re Karakas*, No. 06-32691, Adv. No. 06-80245, 2007 WL 1307906, at *6 (Bankr. N.D.N.Y. May 3, 2007)). Because the bankruptcy court was not bound by the values determined by the appraisers and could form its own opinion as to the value of the property, the bankruptcy court did not err in doing so. Trial Tr. 88:2–17; *see also In re Hernandez*, 493 B.R. at 50.

Brendan Mortgage does not challenge the standard the bankruptcy court used but instead its application of that standard to the facts before it. First, it argues that the bankruptcy court erred in finding that the Lanums met their burden to establish that there was no value in their property for its lien, contending on appeal that the amount of the first lien was not established at trial. But, in addition to having failed to raise the issue below, the record belies Brendan Mortgage's argument. In its answer to the Lanums' adversary complaint, Brendan Mortgage admitted to the amount of the first lien. Ans. ¶ 8. In their joint pretrial statement, although omitting the amount of the lien as a stipulated fact, the parties agreed that the "sole fact in dispute is the actual value of the property." Joint Pretrial Statement ¶ 3. The parties and the bankruptcy court thus proceeded at trial as if the amount of the first lien was established, with no objection by Brendan Mortgage that the Lanums had not introduced evidence on the issue. *See, e.g.*, Trial Tr. 81:10–15 (counsel for the Lanums discussing the value of the first lien); *id.* 83:16–18 (counsel for Brendan Mortgage arguing that the evidence at trial showed that the property was valued above the balance of the first lien); *id.* 86:23–87:2, 91:24–25 (the bankruptcy court acknowledging the "agreed value of the first lien"). Brendan Mortgage cannot now belatedly argue that reversal is required on this basis. Because the amount of the first lien was uncontroverted, Brendan Mortgage's first argument fails.

Next, Brendan Mortgage argues that the bankruptcy court should not have relied on the Lanums' appraisal and the purported comparable sales contained in it because the appraisal was not formally moved into evidence during the trial. Brendan Mortgage ignores that neither side officially moved exhibits into evidence.[8] Moreover, the bankruptcy court expressly stated that all exhibits were accepted into evidence, Trial Tr. 85:13–17, making this argument frivolous.

Finally, Brendan Mortgage argues that the bankruptcy court erred in considering the Lanums' appraisal because their appraiser improperly used short sales as comparisons. Where debtors intend to retain their home, as here, valuations based on comparable foreclosed properties have been found less credible than those based on arm's length transactions. *See In re Hernandez*, 493 B.R. at 51–53 (discounting debtors' proffered valuation where it relied exclusively on distressed sales). But Brendan Mortgage did not show that the Lanums' appraiser used values arising from foreclosure sales. Instead, the appraiser testified that the comparisons he used were arm's length transactions occurring after a prior foreclosure sale and significant rehabilitation work. *See* Trial Tr. 30:15–33:6. Although not *per se* foreclosure sales, as Brendan Mortgage argues, the bankruptcy court recognized that the comparisons used by the Lanums' appraiser were "atypical" and factored that into its evaluation of the evidence. *See* Trial Tr. 89:17–24 (acknowledging that, as a result of the fact that the comparables were "flip transactions" the Lanums' appraisal was "arguably lower in value than the actual value of the property"). Because the Lanums' appraisal was not based solely on distressed properties, the bankruptcy court recognized the inherent limitations of the comparable testimony. It reached its own valuation based on the entirety of the submitted evidence; thus, Brendan Mortgage's argument fails. Having reviewing the record and the parties' arguments, there is no basis to

---

[8] The Lanums maintain that they were not required to move exhibits into evidence because the exhibits at issue were all listed in the pretrial statement without any objections and were thus automatically admitted. Appellees' Brief at 10–11.

conclude that the bankruptcy court erred in weighing the conflicting evidence to find that the value of the Lanums' property was below the amount of the first lien.

## III.     Rule 8020 Motion for Costs

Before concluding, the Court must take up the Lanums' motion for costs and fees pursuant to Rule 8020. Rule 8020 provides that a court may award damages to the appellee if it finds a bankruptcy appeal frivolous. An appeal is frivolous "when the result is obvious or when the appellant's arguments are wholly without merit." *In re Sokolik*, 635 F.3d 261, 270 n.4 (7th Cir. 2011) (quoting *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 459 (7th Cir. 1994)). An appeal is also considered frivolous if there are meritorious grounds for appeal but the appeal is argued in a frivolous manner. *Id.*

The Lanums acknowledge that Brendan Mortgage raised a colorable question of law but nonetheless maintain that Brendan Mortgage's arguments related to the bankruptcy court's valuation are based on blatant misrepresentations of the record and thus frivolous. After reviewing the parties' briefs and the record, the Court is disturbed by Brendan Mortgage's insistence on arguing that its challenges to the factual basis of the valuation have merit. The Court has substantively addressed and rejected Brendan Mortgage's arguments with respect to the factual record above. Moreover, despite being presented with the Lanums' brief and Rule 8020 motion, which provided citations directly contradicting its factual arguments, Brendan Mortgage persisted in arguing that the record did not include the appraisal or evidence regarding the amount of the first lien. Implicitly, however, Brendan Mortgage acknowledged that its case was overstated, noting that the bankruptcy court looked at the appraisal and acknowledged it would be admitted into evidence and that Brendan Mortgage had agreed to the amount of the first lien in its answer. Because this Court will not tolerate the types of misrepresentations made

9

to it here, the Court finds that, as litigated, Brendan Mortgage's argument that the bankruptcy court erred in its valuation was frivolous. A fee award is thus appropriate.

The Lanums have submitted their counsel's time records in support of their request for fees. As the Lanums themselves admit, however, the entire appeal was not frivolous. Thus, the fee award should only encompass that portion of the fees incurred to respond to Brendan Mortgage's frivolous factual argument. Although based on the documentation submitted determination of that amount is necessarily imprecise, the Court finds that an award of $1,350 (3 hours of counsel's time) will appropriately compensate the Lanums.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's judgment is affirmed and the Lanums' motion for damages [19] is granted. The Court awards $1,350 in fees to the Lanums to be paid by Brendan Mortgage.

Dated: December 16, 2013

SARA L. ELLIS
United States District Judge